**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2085

FRANCIS STEWART,

Petitioner, Appellant,

v.

PAUL DIPAOLO,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Campbell and Stahl, Senior Circuit Judges,
and Lynch, Circuit Judge.

Francis Stewart on brief pro se.
Natalie S. Monroe, Assistant Attorney General, Criminal
Bureau, Thomas F. Reilly, Attorney General, on brief for appellee.

July 15, 2003

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm.

The Massachusetts Supreme Judicial Court ("SJC") found that Stewart's 1960 firearms conviction would have been admissible had Stewart taken the stand.  Petitioner Francis Stewart ("Stewart") argues this conclusion was based on an erroneous factual premise:  that he was represented by counsel during the 1960 proceeding.  In a federal habeas action, the factual findings of the state court are presumed correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  The 1960 docket sheet shows Stewart did receive appointed counsel.  Stewart claims otherwise, but his assertion, standing alone, is insufficient to meet the clear and convincing evidence standard.

As for the admissibility of the misdemeanor conviction for operating a motor vehicle under the influence, we agree with the state appellate court's assessment that admission of the evidence would have been harmless beyond a reasonable doubt under the standard in Chapman v. California, 386 U.S. 18 (1967), given that evidence of four prior felony convictions also would have been available to impeach Stewart.  As the trial court planned to admit the evidence in the event Stewart testified, it was clear Stewart only could prevent admission of the evidence by choosing not to testify.  Thus, his attorney's advice to this effect was correct.

Ultimately, then, the advice Stewart received in the course of deciding whether to testify was correct. His ultimate waiver of his right to testify was knowingly made and was valid.

Appellee's motion to strike is denied.

Affirmed. See 1st Cir. Loc. R. 27(c).